**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

GERARD CHIESA,

PLAINTIFF,

v. CIVIL ACTION NO.:

CONROY SIMBERG, P.A.,

DEFENDANT.

______________________________/

**COMPLAINT**

Plaintiff, Gerard Chiesa, (hereinafter referred to as the "Plaintiff" or "Chiesa"), by and through his undersigned attorney, sues defendant, Conroy Simberg, P.A., (hereinafter, "Defendant" or "CS") and alleges as follows:

*JURISDICTION AND VENUE*

1. Plaintiff brings this is an action to remedy discrimination on the basis of race and national origin discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

2. Declaratory, injunctive, and equitable relief is sought pursuant to 28

U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201916778) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900145) on November 14, 2018. On May 13, 2019, more than 180 days lapsed since the charge was filed and the FCHR had not concluded its investigation nor made a determination as required pursuant to Fla. Stat. § 760.11(3). Plaintiff requested and the EEOC mailed a Right to Sue notice on July 10, 2019, which was not received until on or about July 15, 2019.

*PARTIES*

6. Plaintiff is a 61 year old Caucasian male and a citizen of the State of

Florida and a resident of Escambia County who resides in Pensacola, Florida. Plaintiff worked for defendant as a litigation attorney from his hire on or about March 2011, until his unlawful termination on October 2, 2018.

7. Defendant, Conroy Simberg, is a for profit Company which provides legal services in the United States and Florida. Defendant is an employer within the meaning of Title VII, the FCRA and the ADEA as it employs in excess of 20 employees.

*FACTS*

8. Plaintiff is a 61 year old Caucasian male.

9. Plaintiff was employed by Defendant in its Pensacola, Florida office as a litigation attorney from March 2011, until his unlawful termination on October 2, 2018.

10. During Plaintiff's seven (7) years with Defendant, he had not been the subject of any disciplinary action and performed the duties and responsibilities of his position in a more than satisfactory manner.

11. In 2016, Plaintiff was tasked with handling about 5-7 cases from a new insurance carrier, USAA.

12. Plaintiff was initially the only attorney in Defendant's Pensacola office handling USAA cases.

13. Additional USAA cases began coming into the office in greater

volume in addition to the ones assigned directly to Plaintiff from USAA adjuster Mary Petrie.

14. Plaintiff achieved many successful verdicts for USAA which resulted in continued assignment of new cases from USAA.

15. When Plaintiff's original legal assistant left the firm, Defendant assigned Ms. Holly Wynn to assist Plaintiff.

16. Ms. Wynn had no prior experience working as a legal assistant, but Plaintiff worked closely with her to ensure that she was performing her tasks successfully.

17. Between 2017 and 2018, more than three fourths of Plaintiff's case load consisted of USAA cases.

18. At no time prior to Plaintiff's termination was he notified by Defendant that his work on the USAA cases was anything but satisfactory.

19. Further, at no time was Plaintiff ever informed, by Defendant or USAA, that either believed that he was overwhelmed and was not to be assigned any more USAA cases.

20. In the summer of 2017, Ms. Wynn reported that an attorney, which she was friends with outside of the workplace, in the Pensacola office had tried to kiss her and was sending her text messages and songs.

21. Lori Ryders, the firm's administrator, discussed the situation with Ms.

Wynn.

22. Ms. Wynn initially did not want to pursue the matter, but in August 2017, Ms. Wynn changed her mind and asked that the matter be investigated.

23. Defendant wanted Ms. Wynn to sign an agreement that she would not bring claims against Defendant for sexual harassment.

24. Ms. Wynn refused to sign this agreement and Defendant soon thereafter retaliated against her through intimidation and purposely not providing her help despite the extreme volume of cases she was handling as Plaintiff's legal assistant.

25. Not only did Ms. Wynn request help from Defendant and was refused, Plaintiff also requested help.

26. Because the sexual harassment continued even after Ms. Wynn had reported it to Defendant, Plaintiff called the Defendant's senior partner and informed him about everything that was going on in our Pensacola office specifically the way Ms. Wynn was being mistreated and overworked.

27. Within a week of voicing his concerns of harassment and retaliation, disparaging emails were sent by Defendant to USAA adjusters about Plaintiff.

28. Plaintiff again informed Defendant's senior partner, yet that didn't stop anything.

29. Things got exponentially worse for Plaintiff and Ms. Wynn, who was

ultimately terminated on June 25, 2018.

30. After Ms. Wynn's termination, Defendant proceeded to systematically reduce Plaintiff's case load to point it had been reduced from approximately 85 cases in March 2018, down to 34 cases by September 2018.

31. Defendant continued to reassign USAA cases from Plaintiff until October 2, 2018, Plaintiff had no more cases to work on and was terminated.

32. During this period of reassignment, Defendant never advised Plaintiff that his work was in any way unsatisfactory or that USAA was unsatisfied with his work.

33. In the seven years Plaintiff was employed by Defendant he received only excellent reviews.

34. Plaintiff's billing hours had never been questioned prior to his termination and his last review, which was done in January of 2018, he was given stellar reviews along with the largest raise they ever offered him.

35. All of the attorney's that Plaintiff's remaining cases went to in the office were approximately 25 plus years younger than Plaintiff and had little or no litigation experience.

36. In July of 2018, Defendant's senior partner told Plaintiff that he was not getting any younger and that nobody passes the microscope test.

37. After Plaintiff reported the continued hostile, discriminatory and

retaliatory treatment of Ms. Wynn, Defendant targeted and retaliated against Plaintiff for engaging in a protected activity and further discriminated against him because of his age.

FIRST CAUSE OF ACTION
(RETALIATION – TITLE VII)

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

39. This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991.

40. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991.

41. At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

42. Because Plaintiff reported the continued hostile, discriminatory and retaliatory treatment of Ms. Wynn, Defendant targeted and retaliated against Plaintiff for engaging in this protected activity.

43. Defendant proceeded to systematically reduce Plaintiff's case load to point it had been reduced from approximately 85 cases in March 2018, down to 34 cases by September 2018.

44. Defendant continued to reassign USAA cases from Plaintiff until on October 2, 2018, Plaintiff had no more cases to work on and was terminated.

45. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

46. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

47. As a result of the Defendant's violations of the Title VII, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

48. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

49. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

50. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991.

SECOND CAUSE OF ACTION
(RETALIATION – FCHR)

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

52. This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

53. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

54. At all times material hereto, Defendant was an employer within the

meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

55. Because Plaintiff reported the continued hostile, discriminatory and retaliatory treatment of Ms. Wynn, Defendant targeted and retaliated against Plaintiff for engaging in this protected activity.

56. Defendant proceeded to systematically reduce Plaintiff's case load to point it had been reduced from approximately 85 cases in March 2018, down to 34 cases by September 2018.

57. Defendant continued to reassign USAA cases from Plaintiff until on October 2, 2018, Plaintiff had no more cases to work on and was terminated.

58. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

59. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

60. As a result of the Defendant's violations of the Florida Civil Rights Act of 1992, the Plaintiff has been substantially damaged, in that he has lost wages,

associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

61. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

62. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

63. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## THIRD CAUSE OF ACTION
(AGE DISCRIMINATION – FCHR)

64. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

65. This is an action to remedy discrimination on the basis of Plaintiff's age in the terms, conditions, and privileges of his employment with Defendant in

violation of national origin in violation of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

66. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

67. At all times material hereto, Defendant was an employer within the meaning of national origin in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 20 employees.

68. Plaintiff is a 61 year old Caucasian male.

69. Plaintiff is a highly qualified defense litigation attorney with more than 30 years of defense litigation experience.

70. While employed with Defendant, Plaintiff performed the duties and responsibilities of his position in a more than satisfactory manner.

71. In July of 2018, Defendant's senior partner told Plaintiff that he was not getting any younger and that nobody passes the "microscope test".

72. All of the attorney's that Plaintiff's remaining cases went to in the Pensacola office were approximately 25 plus years younger than him and had little or no litigation experience.

73. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against him for engaging in a protective activity.

74. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

75. As a result of the Defendant's violations of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

76. As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

77. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

78. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

FOURTH CAUSE OF ACTION
(AGE DISCRIMINATION - ADEAA)

79. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

80. This is an action to remedy retaliation by the Defendant in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

81. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

82. At all times material hereto, Defendant was an employer within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), as the Defendant employed more than 20 employees.

83. Plaintiff is a 61 year old Caucasian male.

84. Plaintiff is a highly qualified defense litigation attorney with more than 30 years of defense litigation experience.

85. While employed with Defendant, Plaintiff performed the duties and responsibilities of his position in a more than satisfactory manner.

86. In July of 2018, Defendant's senior partner told Plaintiff that he was not getting any younger and that nobody passes the "microscope test".

87. All of the attorney's that Plaintiff's remaining cases went to in the Pensacola office were approximately 25 plus years younger than him and had little or no litigation experience.

88. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

89. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

90. As a result of the Defendant's violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages,

based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

91. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

92. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

93. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are in violation of Title VII; the Florida Civil Rights Act (FCRA) and ADEAA;

b) Enjoining and permanently restraining those violations of Title VII; the Florida Civil Rights Act (FCRA) and ADEAA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and making him whole for all the earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff liquidated damages;

g) Awarding Plaintiff compensatory damages;

h) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

i) Granting such other and further relief as the Court deems just and proper in the premises.

*DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,
Dated: October 7, 2019

By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff:
Gerard Chiesa